Dear Ms. Ledet:
You have requested an opinion of this office concerning an interpretation of Act 802 of the 1991 Regular Session of the Louisiana Legislature (LSA-R.S. 13:2165). I understand that your inquiry specifically concerns the interest on funds collected and held in the Garnishment and Registry escrow accounts of the First and Second City Courts of the City of New Orleans.
LSA-R.S. 13:1312 provides, in pertinent part, as follows:
 A. The clerk of the Civil District Court, the clerks of the First and Second City Court . . . shall place all sums collected or received under this Section in a separate account to be designated as the Judicial Expense Fund for the Civil District Court for the Parish of Orleans.
. . . .
 B. The judges of the Civil District Court for the Parish of Orleans and the First and Second City Courts of the city of New Orleans, sitting en banc, . . . shall have the power to fix the tariff of costs and charges to be paid for official services in said offices, which are paid into, and constitute said fund [Judicial Expense Fund for the Civil District Court for the Parish of Orleans]; (Emphasis added).
LSA-R.S. 13:1312, by its terms, covers "all sums collected or received under this Section [13:1312]". Subsection B defines, in effect, the "sums" which are referred to in Subsection A as the "costs and charges to be paid for official services . . ." An opinion with regard to monies received by the clerks of the city courts which are not included in the Garnishment and Registry escrow accounts is here pretermitted. As to the funds in the Garnishment and Registry escrow accounts of the First and Second City Courts of the City of New Orleans, they are not costs and charges paid for official services. Therefore, reading LSA-R.S. 13:1312, it is the opinion of this office that the funds in the above mentioned Garnishment and Registry escrow accounts are not collected nor received under Section 1312.
Act 802 (now LSA-R.S. 13:2165) provides, in pertinent part, as follows:
 A. The judges of the first and second city courts of the city of New Orleans, sitting en banc, a majority of said judges constituting a quorum, shall by a vote of a majority of those present, designate a solvent bank or banks, located within the parish of Orleans, as the fiscal agent or agents, as a depository of any and all monies received by the clerks of the said city courts.
. . .
 D. Any and all interest received on all such monies so deposited, or from any certificates of deposit, certificate of indebtedness, or United States bonds, treasury notes or certificates, shall be used for the general operating expenses of the city courts. (Emphasis supplied).
At least with regard to the funds in the Garnishment and Registry escrow accounts of the First and Second city courts, Subsection D specifically allows the interest on such Garnishment and Registry escrow account funds to be used for the "general operating expenses of the city courts."
Therefore, it is the opinion of this office that the interest earned on funds collected, deposited and held in the Garnishment and Registry escrow accounts of the First and Second City Courts of the City of New Orleans may be used for the general operating expenses of the First and Second City Courts of the City of New Orleans.
Trusting this to be sufficient for your purposes. I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:vls-0578l